UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY MONTGOMERY,

                 Petitioner,

v.                              Case No. 3:04-cv-1015-J-32TEM

JAMES R. MCDONOUGH,[1]
et al.,

                 Respondents.

_____

**ORDER**[2]

**I. Status**

     Petitioner Montgomery initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on January 22, 2004. Petitioner challenges a 1999 state court (Orange County, Florida) conviction for first degree murder and armed burglary on the following

_____

     [1] James R. McDonough, the Interim Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

     [2] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

grounds: (1) Petitioner's convictions for first degree murder and armed burglary violate the double jeopardy clause of the United States Constitution; (2) ineffective assistance of appellate counsel for failure to supplement the record on appeal; (3) ineffective assistance of trial counsel for failure to object to a biased juror; (4) ineffective assistance of trial counsel for failure to object to prosecutorial misconduct in closing argument; (5) ineffective assistance of trial counsel for conceding Petitioner's guilt at trial, without Petitioner's consent; and, (6) ineffective assistance of trial counsel for failure to request a special jury instruction for felony murder.

Respondents filed a Response to Petition (Doc. #7) (hereinafter Response). In support of their Response, they submitted exhibits.[3] Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment. <u>See</u> Court's Order (Doc. #9). Petitioner has responded. <u>See</u> Petitioner's Response (Doc. #10). This case is now ripe for review.

---

[3] Respondents' exhibits will be hereinafter referred to as "Ex."

## II. Procedural History

On January 21, 1999, Petitioner was charged by Indictment with one count of murder in the first degree and one count of armed burglary of a dwelling.  Ex. A at 6-7.  Petitioner pled not guilty. Id. at 18.

On November 12, 1999, defense counsel (William C. Hancock, II) filed a Motion to Withdraw, stating that "the Office of the Public Defender requests this withdrawal due to irreconcilable differences as a result of [the] client[']s refusal to continue communicating and cooperating with his attorney in preparing defendant's defense."  Id. at 59.  Petitioner's letter, construed as a *pro se* motion to dismiss counsel, was also filed.  Id. at 61.  In the *pro se* motion to dismiss counsel, Petitioner stated he did not trust Mr. Hancock and would not speak with him "one on one."  Id.  On November 12, 1999, a hearing was conducted, during which Petitioner withdrew his *pro se* motion to dismiss counsel.  Id. at 62.

On December 8, 1999, a jury trial was held.  Id. at 63-66; Ex. B, Transcript of the Jury Trial Proceedings (hereinafter Tr.) at 1- 339.  On December 10, 1999, Petitioner was found guilty as charged. Ex. A at 85, 86.  The jury specifically found that Petitioner used, carried or displayed a weapon during the commission of the first degree murder.  Id. at 87.  Petitioner was adjudicated guilty and sentenced to life imprisonment without parole for first degree murder and a consecutive twenty-five (25) years of imprisonment for

the armed burglary. Id. at 88-89, 92-95, 100-01. Petitioner filed a motion for new trial, which was denied. Id. at 102, 103.

On direct appeal, Petitioner was represented by the Office of the Public Defender (Noel A. Pelella) and raised the following claims: (1) Petitioner's sentence for burglary and felony murder constituted violations of double jeopardy, and (2) the trial court erred in denying Petitioner's motion for judgment of acquittal on the charge of first degree murder. Ex. D at 1-11. The State filed an Answer Brief. Id. at 12-30. On November 7, 2000, the appellate court per curiam affirmed without issuing a written opinion. Id. at 31; Montgomery v. State, 771 So.2d 1178 (Fla. 5th DCA 2000). The mandate was issued on November 27, 2000. Ex. D at 32.

On February 15, 2001, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised the following claims: (1) ineffective assistance of trial counsel for conceding Petitioner's guilt at the trial, without Petitioner's consent; (2) ineffective assistance of trial counsel for failure to timely object to the prosecutor's improper closing argument; (3) ineffective assistance of trial counsel for failure to call his prospective witnesses (Jerry Reams and a court-appointed psychiatrist); (4) ineffective assistance of trial counsel for failure to call prospective witnesses to show Petitioner's actual innocence; (5) ineffectiveness for failure to request a specific jury instruction for his underlying felony

4

murder; (6) ineffectiveness for failure to file a timely motion to suppress the taped statement; (7) Petitioner was denied his fundamental right to counsel; and, (8) ineffectiveness for failure to object to a biased juror. Ex. E at 54-90. The State filed a response to his motion for post conviction relief. Id. at 91-247. On March 18, 2002, the trial court granted Petitioner an evidentiary hearing on grounds one, three, four and six. Id. at 248.

Although scheduled for an evidentiary hearing on May 1, 2002, the evidentiary hearing was rescheduled for May 3, 2002. Ex. E, Transcript of the May 1, 2002, Hearing, at 3-4. Prior to rescheduling the evidentiary hearing, Petitioner orally requested the assistance of counsel at the evidentiary hearing. Id. at 2. The trial judge stated that he would continue to scrutinize whether Petitioner needed the assistance of counsel. Id. at 4. Specifically, at the May 3, 2002, evidentiary hearing, the trial judge stated:

> I'm going to monitor whether Mr. Montgomery is able to -- he's not entitled to court-appointed counsel. I'm going to monitor whether he's able to engage in cross-examination or communication about the matter. If I determine that he just can't handle this, I may appoint counsel, but I'm not inclined to do that, initially.
>
> . . . .
>
> So, really, if we end up -- or we get to the point where I think that that's important

in this case, I would probably have to reset
it and appoint conflict counsel.

Ex. E, Transcript of the May 3, 2002, Evidentiary Hearing at 4, 5.[4]
On May 8, 2002, the trial judge denied the motion for post
conviction relief.   Ex. E at 251-256.   Thereafter, Petitioner's
motion for rehearing was denied on July 10, 2002.   Id. at 264-65.

On appeal, Petitioner raised one issue in his *pro se* brief:
the trial judge abused his discretion by failing to appoint counsel
to represent him at the evidentiary hearing.   Ex. F at 1-17.   The
State filed an Answer Brief.   Id. at 18-29.   On March 11, 2003, the
appellate court per curiam affirmed, citing Russo v. Akers, 724
So.2d 1151 (Fla. 1998).   Id. at 30; Montgomery v. State, 839 So.2d
859 (Fla. 5th DCA 2003).   The mandate was issued on March 28, 2003.
Ex. F at 31.

On November 12, 2002, while the Rule 3.850 motion was pending,
Petitioner filed a petition for writ of habeas corpus in the
appellate court, raising one claim: appellate counsel was
ineffective for failing to supplement the record on appeal, which
precluded raising Petitioner's valid claim that the trial court
erroneously instructed him about the consequences of dismissing
counsel.   Ex. G at 1-12.   On December 12, 2002, without requiring

---

[4] This Court will cite to the page numbers in the upper right-
hand corner since the page numbers in the lower right-hand corner
are illegible.

a response from the State, the appellate court denied the petition. Id. at 13.

The Petition for Writ of Habeas Corpus, filed in this Court on January 22, 2004, is timely filed within the one-year period of limitation.  See Response at 7; 28 U.S.C. § 2244(d).

### III. Evidentiary Hearing

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  Smith, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel").  No evidentiary proceedings are required in this Court.  High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir.

7

2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).   Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

## IV. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA).   Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. <u>Nelson v. Alabama</u>, 292 F.3d 1291, 1294-95 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 926 (2003); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1104 (2002); <u>Wilcox v. Florida Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 531 U.S. 840 (2000).

The Eleventh Circuit has described the standard of review under AEDPA:

> Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners.  Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which was effective as of April 24, 1996.  AEDPA applies to all petitions filed after its effective date. . . .
>
> AEPDA "places a new constraint on a federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by establishing a

deferential standard for reviewing state court judgments in these cases. <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Subsection (d) of § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

AEDPA also makes clear that substantial deference is to be accorded a state court's findings of fact. Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

<u>Henderson v. Campbell</u>, 353 F.3d 880, 889-891 (11th Cir. 2003) (footnote omitted), <u>cert.</u> <u>denied</u>, 543 U.S. 811 (2004).

Clearly, the new 28 U.S.C. § 2254(d) creates a more deferential standard for federal court review of state court

adjudications:   "[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness." Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003); Mitchell v. Esparza, 540 U.S. 978 (2003) (per curiam) (holding that the Ohio Court of Appeals' decision was not "contrary to" or an "unreasonable application" of clearly established federal law and stressing "the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)").

Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S.

906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

### V. Ineffective Assistance of Appellate Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court articulated a two-pronged test for determining whether a defendant was denied constitutionally adequate assistance of counsel. "The same standard applies whether [a court is] examining the performance of counsel at the trial or appellate level." Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (citing Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987)).

To demonstrate that his appellate counsel's performance was deficient, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. "In considering the reasonableness of an attorney's decision not to raise a particular claim, [a court] must consider 'all the circumstances, applying a heavy measure of deference to counsel's judgments.'" Eagle, 279 F.3d at 940 (quoting Strickland, 466 U.S. at 691). "Thus, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time.'" Id. (quoting

Strickland, 466 U.S. at 689).   The reasonableness of counsel's assistance is reviewed in light of both the facts and law that existed at the time of the challenged conduct.   Chateloin v. Singletary, 89 F.3d 749, 753 (11th Cir. 1996); see also Jones v. United States, 224 F.3d 1251, 1257-58 (11th Cir. 2000) (noting that counsel's "failure to divine" a change in unsettled law did not constitute ineffective assistance of appellate counsel) (quoting Sullivan v. Wainwright, 695 F.2d 1306, 1309 (11th Cir. 1983)).

To determine whether Petitioner was prejudiced by his attorney's failure to raise a particular issue, the Court "must decide whether the arguments the [Petitioner] alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal." United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988)), cert. denied, 531 U.S. 1131 (2001).   "If [a court] conclude[s] that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal." Eagle, 279 F.3d at 943 (citing Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990)).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner claims that his convictions for first degree murder and armed burglary violate the double jeopardy clause of the United States Constitution.  Petition at 5.  Petitioner raised this claim on direct appeal, stating "it appears the question whether double jeopardy bars a conviction for both felony murder and the underlying felony is one yet to have been answered by the Florida Supreme Court."  Ex. D at 8.  The State filed an Answer Brief, claiming that "this issue has been decided by the Florida Supreme Court and, in fact, decided against Appellant."  Id. at 21 (citing Boler v. State, 678 So.2d 319, 321-22 (Fla. 1996); State v. Enmund, 476 So.2d 165 (Fla. 1985)).  The appellate court per curiam affirmed his judgment of conviction, implicitly finding this claim to be without merit.[5]  Ex. D at 31; Montgomery, 771 So.2d 1178.

Thus, there is a qualifying state court decision.  This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. The Court must next consider the "contrary to" and "unreasonable application" components of the statute.  "It is the objective

---

[5] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d at 1255.

reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state appellate court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Furthermore, the Court finds this claim to be without merit.[6] Thus, Petitioner is not entitled to relief on the basis of this claim.

## B. Ground Two

Petitioner Montgomery claims his appellate counsel, on direct appeal, was ineffective for his failure to supplement the record on appeal. Petition at 6. Specifically, Petitioner asserts that appellate counsel failed to obtain the transcript of the hearing conducted on Petitioner's pro se motion to dismiss counsel and trial counsel's motion to withdraw.[7] Id. Petitioner concludes

---

[6] See Fallada v. Dugger, 819 F.2d 1564, 1573 (11th Cir. 1987) (holding that a defendant can be convicted of and sentenced for both felony murder and the underlying felony); Deloach v. Wainwright, 777 F.2d 1524, 1525-26 (11th Cir. 1985).

[7] On November 12, 1999, defense counsel filed a Motion to Withdraw, stating that "the Office of the Public Defender requests this withdrawal due to irreconcilable differences as a result of [the] client['s] refusal to continue communicating and cooperating

14

that appellate counsel's failure to obtain the transcript resulted in the issue being excluded from review on direct appeal.  <u>Id</u>. at 16.  Petitioner raised this claim in his state petition for writ of habeas corpus before the appellate court.  Ex. G at 1-12.  Without requiring a response from the State, the appellate court denied the petition, implicitly finding this claim to be without merit.  <u>Id</u>. at 13.

Thus, there is a qualifying state court decision.  This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that the state appellate court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Furthermore, the Court finds this claim to be without merit.  <u>See</u> Response at 14-17.

---

with his attorney in preparing defendant's defense." Ex. A at 59. Petitioner's letter to Mr. Hancock, construed as a *pro se* motion to dismiss counsel, was also filed the same day.  <u>Id</u>. at 61.  In the *pro se* motion to dismiss counsel, Petitioner stated he did not trust Mr. Hancock and would not speak with him "one on one."  <u>Id</u>. On November 12, 1999, a hearing was conducted, and Petitioner, after conferring with the court, withdrew his *pro se* motion to dismiss counsel.  <u>Id</u>. at 62.  There is nothing in the trial transcript to indicate that Petitioner was not satisfied at that time with the representation he received at the trial.

Even assuming *arguendo* that Petitioner could satisfy both prongs of the Strickland test for ineffective assistance of appellate counsel, the appropriate remedy would be for this Court to issue a writ of habeas corpus "conditioned upon Florida affording [Petitioner] a new direct appeal" with effective assistance of appellate counsel. Matire, 811 F.2d at 1439. Here, it is clear that the court with jurisdiction to hear this new direct appeal, the Fifth District Court of Appeal, has considered and rejected Petitioner's claims.[8]   Thus, Petitioner is not entitled to relief on the basis of this claim.

## C. Grounds Three, Four, Five and Six

Petitioner raises the following ineffectiveness claims for defense counsel's:  failure to object to a biased juror (ground three); failure to object to prosecutorial misconduct in closing argument (ground four); conceding Petitioner's guilt at trial, without Petitioner's consent (ground five); and, failure to request a special jury instruction for felony murder (ground six). Petitioner raised these grounds in his Rule 3.850 motion. Ex. E at 54-90.  After conducting an evidentiary hearing[9], the trial court

---

[8] As noted previously, Petitioner filed a petition for writ of habeas corpus with the Fifth District Court of Appeal, in which he presented the same ineffective assistance of appellate counsel claim that he raises here.  That court implicitly found the claim to be without merit by summarily denying the petition.  Ex. G at 13.

[9] The state court evidentiary hearing was conducted on the following grounds:  ineffective assistance of trial counsel for

adjudicated these claims on the merits.  In denying these claims, the trial court identified the two-prong <u>Strickland</u> ineffectiveness test as the controlling law, stating in pertinent part:

<u>Ground One</u>:  Defendant alleged counsel conceded his guilt during opening and closing arguments without his consent.  In support, he relied on <u>Nixon v. Singletary</u>, 758 So.2d 618 (Fla. 2000).  At the evidentiary hearing, he alleged that although he knew counsel was going to argue in favor of lesser-included offenses, he did not realize counsel would admit his guilt outright.

Trial counsel William Hancock testified at the evidentiary hearing that Defendant had confessed to the murder by calling 911, announcing he was going to kill himself, and writing letters to police and family members. In addition, Defendant's DNA was matched to semen found in the victim's body, confirming his involvement in the crime.  Mr. Hancock explained to Defendant that they would have to argue for conviction of a lesser degree of murder based on Defendant's claim that he believed he was in his own apartment, that he was intoxicated, and retaliated in self-defense.  They would ask for acquittal but there was little chance of winning at trial. Mr. Hancock testified that Defendant understood this approach and agreed to it.

In light of Defendant's own statements implicating himself, counsel was doing his utmost to make a credible argument that the murder was something less than first-degree, premeditated murder.  It is possible to

conceding Petitioner's guilt at the trial, without Petitioner's consent; ineffective assistance of trial counsel for failure to call his prospective witnesses (Jerry Reams and a court-appointed psychiatrist); ineffective assistance of trial counsel for failure to call prospective witnesses to show Petitioner's actual innocence; and, ineffectiveness for failure to file a timely motion to suppress the taped statement.  Ex. E at 248.

conclude that Defendant did not understand that counsel would directly admit Defendant killed the victim; however, there was no prejudice in counsel's strategy. Even if counsel had not made the arguments of which Defendant complains, there is no reasonable probability that the outcome of the trial would have been any different. Therefore, Defendant fails to show that counsel's performance was deficient or prejudicial.

Ground Two: Defendant alleges counsel failed to object to the prosecutor's improper closing arguments.[10] However, the comments he cites constitute fair argument on the evidence presented, so counsel had no legal basis to object. If he had done so, there is no reasonable probability that the trial court would have sustained the objections or granted a motion for mistrial. Therefore, Defendant fails to show that counsel's performance was deficient or prejudicial.

. . . .

Ground Five: Defendant alleges counsel failed to request a special jury instruction regarding the distinction between sexual

---

[10] Petitioner claims that the prosecutor, in closing argument, stated:

**The fact of the matter is that alcohol does not turn a normal man into Norman Bates, the guy from the movie Psycho, that just doesn't happen.** Alcohol may release demons, it may release evil that is within, it doesn't create it. This crime is not the responsibility of alcohol. This crime is the responsibility of something within this man which none of us will ever understand that possessed him to want to do this to Carlie, a person who had never done him any harm, who had never done him the slightest slight, for reasons that we'll never know.

Tr. at 266-67 (emphasis added).

18

battery occurring before and after death.  He argues that a victim must be alive at the time the offense commences in order for a defendant to be guilty of sexual battery.  However, his own recitation of the prosecutor's arguments indicates the State relied on *attempted* sexual battery as one of the two potential underlying felonies, and counsel had no basis to object to the instruction on this particular offense. The State's arguments in its Response are well-taken.  It appears Defendant failed to commit sexual battery only because he killed the victim before he could have sex with her. Since the evidence showed that he entered the victim's apartment with a master key, took his pants off, and entered the victim's bedroom holding a knife, the jury could reasonably conclude that he intended to commit and in fact did attempt to commit an act of sexual battery on the victim.  Defendant fails to show that counsel's performance was deficient or prejudicial.

. . . .

Ground Eight: Defendant alleges counsel failed to object to an "impartial" juror [Presumably, he means a juror who was biased, that i[s], one who was *not* impartial.]  He argues the trial judge stated that Mr. Gordon was his former teacher, but counsel failed to make a record showing that Mr. Gordon was influenced by the judge.[11]  However, he offers nothing to support the conclusion that the juror was biased simply because he knew the judge.  As the State correctly points out, such an allegation is mere speculation in the absence of supporting facts.  Therefore, Defendant fails to show that counsel's performance was deficient or prejudicial.

Id. at 252-53, 254-56.

---

[11] See Tr. at 7 (the trial judge acknowledges that Mr. Abraham Gordon was his former teacher).  Mr. Gordon became the jury foreman.  Id. at 314.

Petitioner appealed the denial of his Rule 3.850 motion. However, on appeal, Petitioner only raised one issue in his *pro se* brief: the trial judge abused his discretion by failing to appoint counsel to represent him at the evidentiary hearing. Ex. F at 1-17. The State filed an Answer Brief, claiming that the trial court did not abuse its discretion in failing to appoint counsel to represent Petitioner at the evidentiary hearing. Id. at 18-29. The appellate court per curiam affirmed, citing Russo v. Akers, 724 So.2d 1151.[12] Id. at 30; Montgomery, 839 So.2d 859.

Respondents contend, and this Court agrees, that Petitioner Montgomery failed to appeal the denial of his ineffectiveness claims. See Response at 8-10. Thus, Petitioner did not exhaust these claims in state court. See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (finding that exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.)(finding that claims presented in a post-conviction motion but not appealed were procedurally barred in subsequent habeas proceedings), cert. denied, 502 U.S. 944 (1991); Smith v. Jones, 923 F.2d 588, 589 (8th Cir. 1991) (finding that the claims presented in a post-conviction

---

[12] The Supreme Court of Florida stated: "Although there is no absolute right to counsel in a post conviction proceeding, the Florida Supreme Court has held that due process requires that counsel be provided if a post conviction motion presents a meritorious claim and a hearing on the motion is potentially so complex that counsel is necessary." Russo v. Akers, 724 So.2d at 1152-53 (citations omitted).

motion that were not included in the appeal of the order denying that motion were procedurally barred).

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his ineffective assistance of counsel claims because the claims could have and should have been included in his appeal of the order denying his Rule 3.850 motion.   Thus, these ineffective assistance of counsel claims have been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004).   "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."   Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003).   The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002). Petitioner has not shown both cause and prejudice nor has he demonstrated that he meets the requirements of the fundamental

21

miscarriage of justice exception.[13]   Therefore, the Court need not address the merits of these grounds.

However, even assuming *arguendo* that Petitioner's appeal of the order denying the 3.850 motion was sufficient to exhaust these claims, he is not entitled to relief.   As noted previously, Petitioner raised these claims in his Rule 3.850 motion, and the trial court adjudicated the claims on the merits.   Thus, these grounds should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of these claims because the state court's adjudication of the claims was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

---

[13] As noted by the Respondents, there was overwhelming evidence of Petitioner Montgomery's guilt, including statements made by Petitioner.   See Response at 2-4, 10; Ex. A at 120-29, 131-61.

## VII. Conclusion

Any other claims not specifically addressed are found to be without merit.  Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

sc 9/6
c:
Randy Montgomery
Ass't Attorney General (Parrish)